# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HENRY WAYNE MILLER, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 10-487-FHS-KEW** |
| ) | |
| **ANITA TRAMMELL, Warden,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, attacks his conviction and sentence in Bryan County District Court Case Number CF-2007-87 for Lewd or Indecent Proposals or Acts to a Child Under 16.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner entered a plea of nolo contendere and his Judgment and Sentence was entered on April 12, 2007. He did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so the conviction became final on April 22, 2007, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. The deadline for filing this petition, therefore, was April 22, 2008, one year later. *See* 28 U.S.C. § 2244(d)(1) (A). Petitioner filed an application for post-conviction relief on July 26, 2010, which was denied by the district court and affirmed by the Oklahoma Court of Criminal Appeals. *Miller v. State*, No. PC-2010-886 (Okla. Crim. App. December 6, 2010). Because petitioner did not initiate his post-conviction proceedings until the limitations period had expired, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner alleges the one-year statute of limitations should not apply to him, because his attorney did not visit him or accept phone calls during the ten-day period for filing a direct appeal. Petitioner further contends that before he could initiate a post-conviction

2

application, he had to gain access to a prison law library, learn to type, and determine how to file the application as a pro se litigant. He claims he should not be expected to have perfected a direct appeal or a post-conviction application within ten days after entering his plea.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418 (2005)) (internal quotation marks omitted).

"[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194 (2001). "A claim of insufficient access to relevant law . . . is not enough to support equitable tolling," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Further, "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman Thompson*, 501 U.S. 722, 752 (1991). The court finds petitioner has failed to demonstrate he is entitled to equitable tolling

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #6] is GRANTED, and this action is, in all respects, DISMISSED.

IT IS SO ORDERED this 3rd day of August, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma